UNITED STATES DISTRICT COURT **JS-6**

CENTRAL DISTRICT OF CALIFORNIA

OUSSAMA BENAZIZ,

Plaintiff,

v.

FEDERAL EXPRESS CORPORATION et al.,

Defendants.

Case No. 2:26-cv-00618-HDV-PVC

**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS [46, 48]**

## I. INTRODUCTION

Pro se plaintiff Oussama Benaziz ("Plaintiff") filed this action against Defendants Federal Express Corporation ("FedEx") and Eternity Jewelry Corp. ("EJC") for losing a series of watch components valued at $6,535. *See generally* First Amended Complaint ("FAC") [Dkt. 43].

Before the Court are FedEx's motion to dismiss under Rule 12(b)(6), and EJC's motion to dismiss under Rule 12(b)(1) (the "Motions"). For the reasons discussed below, the Court concludes that the ADA preempts all of Plaintiff's pending claims against FedEx, and finds that the only common law claim that is ***not*** preempted—a breach of contract claim based on the parties' written agreement—has already been voluntarily dropped from Plaintiff's original Complaint. As to EJC, the Court finds that it lacks supplemental jurisdiction over the claims asserted against that defendant.

The Motions are granted and the Complaint is dismissed in its entirety.

## II. BACKGROUND[1]

### A. Factual Background

Plaintiff is a citizen of France who purportedly runs a "wholesale timepiece and spare-parts trading enterprise" based primarily overseas FAC ¶ 7. On March 7, 2024, Plaintiff shipped sample watch components to Defendant EJC in California for a professional evaluation. FAC ¶ 17. EJC received the package, which consisted of approximately forty watch components (mostly watch straps) with an estimated commercial value of $6,535. *Id.* EJC chose to decline the request to evaluate the components (ostensibly because of an authenticity issue) and tendered the return shipment to FedEx on March 13. *Id.* ¶¶ 8, 18.

The watch straps were scheduled to be delivered on March 15, 2024. *Id.* ¶ 19. On March 17, 2024, however, FedEx flagged the potential unauthorized use of Plaintiff's account and the shipment was held. *Id.* ¶ 21.

---

[1] The Court accepts all of Plaintiffs' plausible allegations as true, as it must at the motion to dismiss stage. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

On March 21, 2024, Plaintiff received a communication from FedEx notifying him that the shipment had been delivered to the "Overgoods" facility in the USA and requesting a new address to deliver the shipment. *Id.* ¶ 22. Once it was determined that no unauthorized use had occurred, FedEx issued a replacement account on March 27, 2024. *Id.* ¶ 21. In June 2024, Plaintiff was told that the shipment was underway. *Id.* ¶ 25.

Several months later, however, FedEx informed Plaintiff that the package had been "discarded in April." *Id.* ¶ 24. On November 30, 2024, FedEx confirmed in writing that the shipment had been sent to the "Overgoods process." *Id.* And in April 2025, FedEx personnel informed Plaintiff that the package had been disposed of in July 2024 without notice to the Plaintiff. *Id.* ¶¶ 22–25. Plaintiff repeatedly made efforts throughout 2024 and 2025 to recover the package. *Id.* ¶ 26.

Plaintiff filed his initial Complaint on January 21, 2026, [Dkt. 1], and filed the FAC on June 9, 2026. The FAC alleges a violation of the Carmack Amendment (against FedEx only), and various state law tort and contract claims. *See generally* FAC.

On June 23, 2026, FedEx filed a Motion to Dismiss ("FedEx Motion"), [Dkt. 46], and EJC filed a Motion to Dismiss ("EJC Motion") on June 30, 2026 [Dkt. 48]. The Court called the Motions for hearing on August 20, 2026, but Plaintiff did not appear.[2] The Court subsequently took the matters under submission.

## III. LEGAL STANDARD

Rule 12(b)(1) allows a party to challenge claims in an initial pleading for lack of subject-matter jurisdiction. "It is to be presumed that a cause lies outside [of federal courts'] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).

Article III of the United States Constitution limits the jurisdiction of federal courts to "cases" and "controversies." U.S. Const. art. III, § 2. "[T]he core component of standing is an essential and

[2] The Court issued an Order to Show Cause for the non-appearance [Dkt 60], and subsequently discharged the OSC upon receiving the Plaintiff's response. [Dkts. 62, 63].

unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). "A suit brought by a plaintiff without Article III standing is not a 'case or controversy,' and an Article III federal court therefore lacks subject matter jurisdiction over the suit." *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004). "Article III generally requires a federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). The party invoking federal jurisdiction bears the burden of showing that they have standing. *TransUnion LLC v. Ramirez,* 594 U.S. 413, 430–31 (2021).

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for failure to state a claim upon which relief may be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Only where a plaintiff fails to "nudge[] [their] claims . . . across the line from conceivable to plausible" is the complaint properly dismissed. *Id.* at 680. While the plausibility requirement is not a probability assessment, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. Determining whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. In making this determination, allegations of material fact should be construed in the light most favorable to the plaintiff. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (citation omitted).

## IV. DISCUSSION

### A. FedEx Motion

Plaintiff asserts four causes of action against FedEx for violation of the Carmack Amendment, conversion and bailment, negligent misrepresentation, and fraudulent concealment. *See generally* FAC. FedEx contends in the main that Carmack Amendment is facially inapplicable,

and that the federal statute that ***does*** apply—the Airline Deregulation Act of 1978—preempts all the claims presented. *Id.* at 15. The Court agrees.

"The Carmack Amendment governs the terms of interstate shipment by domestic rail and motor carriers." *Smallwood v. Allied Van Lines, Inc.*, 660 F.3d 1115, 1121 (9th Cir. 2011). In most situations, the Carmack Amendment "is the exclusive cause of action for contract claims alleging delay, loss, failure to deliver or damage to property" during transportation by a ***motor carrier***. *See Hall v. North American Van Lines, Inc.*, 476 F.3d 683, 688 (9th Cir. 2007) (emphasis added).

Here, Plaintiff alleges that the Carmack Amendment (and not the ADA) applies because the "[s]hipment traveled under FedEx 2Day® service over a 37.1-mile Southern California route from Fullerton, CA 92832 to Los Angeles, CA 90025." FAC ¶ 15. Construed charitably, Plaintiff's argument appears to be that the goods traveled by truck over those 37 miles, and for that reason the Carmack Amendment provisions relating to motor carriers applies.

But the facts alleged in the FAC also describe the necessary ***air travel*** for the goods in question: "the goods entered the United States from the United Arab Emirates for commercial evaluation and were tendered for return to Plaintiff's control as part of that same continuous international transaction." *Id.* ¶ 3. And the ADA is the modern federal statute that governs air carriers. *Read-Rite Corp v. Burlington Air Express, Ltd.,* 186 F.3d 1190, 1197 (9th Cir. 1999), as *amended on denial of reh'g and reh'g en banc* (Sept. 27, 1999). In any event, the Ninth Circuit has already clarified that for a hybrid air-ground system like Federal Express, the ADA applies:

> Federal Express is exactly the kind of an expedited all-cargo service that Congress specified and the kind of integrated transportation system that was federally desired. Because it is an integrated system, it is a hybrid, an air carrier employing trucks. Those trucks do not destroy its status as an air carrier. They are an essential part of the all-cargo air service that Federal Express innovatively developed to meet the demands of an increasingly interlinked nation. Congress has freed it from the constrictive grasp of economic regulation by the states.

*Federal Exp. Corp. v. California Public Utilities Com'n*, 936 F.2d 1075, 1079 (9th Cir. 1991)); *see also California Trucking Association v. Bonta*, 966 F.3d 644, 655 (9th Cir. 2021) ("Although the ADA preempted state regulation of FedEx's trucking operations because FedEx was organized as an

air carrier, many of FedEx's competitors, which were organized as motor carriers, did not receive similar protection from state regulation.") (citation omitted).

Applying the plain language of the ADA, it is beyond cavil that Plaintiff's common law claims relating to the lost watch straps are preempted. 49 U.S.C. Section 41713(b)(1) states that a "State . . . may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air carrier that may provide air transportation under this subpart." Courts have routinely (and without exception) held that this provision preempts common law claims. *See Northwest, Inc. v. Ginsberg*, 572 U.S. 273, 284 (2014) ("[W]e conclude that the phrase 'other provision having the force and effect of law' includes common-law claims."). Indeed, courts have consistently applied this principle to negligence-related claims involving lost packages. *See, e.g., A.C.L. Computers & Software, Inc. v. Fed. Express Corp.*, 2016 U.S. Dist. LEXIS 29001, at *9–10 (N.D. Cal. March 4, 2016) ("The Court holds that Plaintiff's negligence claim arising under California law is preempted by the ADA because it both derives from the enactment or enforcement of state law and relates to FedEx's services and prices."); *Tobin v. Federal Exp. Corp.*, 775 F.3d 448, 453 (1st Cir. 2014) (claims for invasion of privacy, negligence, and infliction of emotional distress due to wrongful delivery of package by Federal Express were properly dismissed as preempted by ADA). That is precisely the gravamen of Plaintiff's claims in the FAC. All of Plaintiff's claims against FedEx are therefore preempted.

In an effort to salvage what remains of his FAC, Plaintiff points out that the ADA does not preempt contract claims, and maintains that the second cause of action for bailment therefore survives preemption as a form of breach of contract. Opposition at 3-4. But while the legal principle is accurate (the ADA does not preempt contract claims), the argument nonetheless fails here because Plaintiff has already pled and voluntarily ***dismissed*** his breach of contract claim from the original Complaint. *See* [Dkt. 1]. Nor would it serve any purpose to allow Plaintiff to revive his contract claim in a (further) amended pleading because such a claim would be limited under the

terms of the parties' contract to a remedy of $1,000.[3] And even if Plaintiff were to do so, the only remaining basis for jurisdiction (i.e., diversity) would fail because the amount-in-controversy requirement of $75,000 could not be met.[4]

**B. EJC Motion**

EJC moves to dismiss Plaintiff's FAC under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. *See generally* EJC Motion. According to EJC, the FAC should be dismissed pursuant to Rule 12(b)(1) due to lack of subject matter jurisdiction. EJC Motion at 6 (citing Fed. R. Civ. P. 12(b)(1)). As all of the causes of action against EJC consist of state tort and contract claims, Plaintiff contends that the Court has supplemental jurisdiction over the claims pursuant to 28 U.S.C. Section 1367(a). FAC ¶ 5. The Court is unpersuaded.

Under Section 1367, "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III." 28 U.S.C. § 1367(a). Supplemental jurisdiction exists where there is a sufficient federal claim to confer federal jurisdiction to begin with, and a "common nucleus of operative fact" between the state and federal claims. *In re Nucorp Energy Securities Litigation*, 772 F.2d 1486, 1490 (9th Cir. 1985) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)). District courts may decline to exercise jurisdiction over supplemental state law claims "[d]epending on a host of factors" including "the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship

---

[3] The FedEx Terms and Conditions applicable to this shipment states, "The declared value of any package represents our maximum liability in connection with a shipment of that package, including, but not limited to, any loss, damage, delay, misdelivery, nondelivery. . . related to the shipment." See [Dkt. 46-2] at 15. The parties' contract further states: "Shipments (packages or freight) containing all or part of the following items are limited to a maximum declared value of $1,000 . . . Jewelry, including but not limited to costume jewelry, watches and their parts. . . ." *Id.* The Court can refer to this document because it is quoted and relied upon at length in Plaintiff's FAC.

[4] Plaintiff argues that the amount in controversy is met because of Plaintiff's lost contracts and other business damages. FAC ¶ 4. But because the damages would be limited to the $1,000 stated in the Terms and Conditions, the argument fails.

between the state and federal claims." *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997).

Here, the only claim Plaintiff alleges that triggers federal question jurisdiction is the first cause of action pursuant to the Carmack Amendment under 49 U.S.C. § 14706. FAC ¶¶ 62–66. The only Defendant sued under the Carmack Amendment is FedEx, ***not*** EJC. Moreover, and as discussed above, the Carmack Amendment pertains to interstate shipping and regulates motor carriers and freight forwarders transporting property and has nothing to do with EJC's appraisal of the watch straps or EJC's involvement in the post-tender of the watch straps by FedEx. The Court therefore finds that the state law claims against EJC do not arise from a common nucleus of operative fact with the federal Carmack Amendment claim, and concludes on that basis that exercising supplemental jurisdiction over these state law claims would be improper. The claims against EJC are dismissed.

## V. CONCLUSION

For the reasons discussed above, Defendants' Motions to Dismiss are granted. The FAC is dismissed without leave to amend.[5]

Dated: October 5, 2026

Hernán D. Vera
United States District Judge

---

[5] Leave to amend should be freely granted unless it is clear that the complaint cannot be saved by amendment. Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008); *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) ("Although leave to amend should be given freely, a district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile."). Here, Plaintiff has already amended his complaint once, and has not articulated any theory or possible set of facts that would cure the defects described above. For this reason, the Court finds that amendment would be futile.